# J. E. Hough & Sons *v.* Styles.

*Action on Judgment.*

(Decided June 30, 1909.—50 South. 349.)

1. *Pleading; Complaint; Amendment; Departure.*—Where the original complaint declared upon a judgment in accordance with its legal effect, no new cause of action was presented by a count added by way of amendment which set out the judgment in haec verba, although the amount as shown in said count varied from the amount of the judgment as originally obtained.

2. *Same.*—Notwithstanding the original complaint averred that the judgment was one for the conversion of goods, the fact that the counts added by amendment failed to aver that the judgment was one for the conversion of goods, did not constitute a departure.

APPEAL from Madison Law and Equity.

Heard before Hon. TANCRED BETTS.

Action by J. E. Hough & Sons against W. V. Styles and others, upon a judgment formerly obtained in a justice court. Certain counts were added by way of amendment which upon motion of the present defendant were stricken, and plaintiff appeals. Reversed and remanded.

BRICKELL & SMITH, for appellant.—An acton upon a judgment is simply an action for debt.—*Kingston v. Forrest,* 18 Ala. 518; 23 Cyc. 1502. The amendment did not constitute a new cause of action or constitute a departure.—*Chambers v. Talladega R. & L. Assn.,* 126 Ala. 226; *L. & N. v. Markee,* 103 Ala. 160; *Scheussler v. Wilson,* 56 Ala. 516; *Cen. of Ga. Ry. Co. v. Foshee,* 125 Ala. 222; *Ala. C. & I. Co. v. Heald,* 45 South. 686.

W. F. ESSLINGER, for appellee.—Claims in contract and in tort cannot be joined in the same or separate counts.—*Baldwin's case,* 111 Ala. 515; *Chambers v.*

*Seay,* 73 Ala. 373. The nature of the action cannot be shown on appeal from a justice court.—*Leatherwood v. Suggs,* 96 Ala. 383; *James v. Vickors,* 119 Ala. 32. The original count was in tort.—*Northern v. Hanners,* 121 Ala. 590. In determining this question it is competent to look to the record.—*Gunn v. Hardy,* 130 Ala. 643. Motion to strike was the proper remedy. There was a variance.—*Ashley v. Robinson,* 29 Ala. 122; *Sawyer v. Patterson,* 11 Ala. 528; *Duffey v. Phillips,* 31 Ala. 574.

DENSON, J.—This action was commenced before a justice of the peace, and is based on a judgment rendered in favor of the plaintiffs against the defendants by a justice of the peace in Madison county June 3, 1903. Plaintiffs were successful before the justice, and from the judgment rendered against all of the defendants, defendant W. V. Styles appealed to the law and equity court.

In the justice court the plaintiffs filed a complaint, composed of one count, which claimed the sum of $50.-60 due by the defendants "upon a judgment rendered by J. W. B. Hawkins, a justice of the peace in and for the county of Madison, state of Alabama, on the 3d day of June, 1903, which sum of money, with the interest thereon, is still due and unpaid; and plaintiffs aver that said judgment was for the conversion of certain goods belonging to plaintiffs." In the law and equity court the plaintiffs amended the complaint by adding counts 2, 3, and 4. It is apparent that no new cause of action was attempted to be presented by either of the added counts. The original merely declares on the judgment according to its legal effect, and the fourth count sets out the judgment in hæc verba; and, whilst it appears that the amount of the judgment as shown in said count is variant from the amount claimed, yet the count evin-

ces the fact that no new cause of action is attempted to be presented, but that the pleader is relying on the same judgment and is merely pleading it in variant forms.

Nor does the failure of the added counts to contain the last averment of the original count, in respect to the judgment's being one for the conversion of goods, constitute a departure. The court is of the opinion that reversible error was committed by the law and equity court in granting defendant's motion to strike the counts added by amendment.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.